Judge Buckner
delivered the opinion of the Court.
Chinn filed bis bill in chancery, against Madison, for a specific performance of a written contract, (in whicb^Madison had bound-himself to transfer to him, notes or bonds,, on one Peyton, to the amount of $1400;) alleging, that Madison had expressed his willingness to comply with his contract;- and. having received from the hands of. the complainant,, said obligation, for $1400, refused to return if,.or to-comply with its terms, by transfering Peyton’s notes,
Madison admits the allegations of the bill, so far; but defends himself upon the ground, that Chinn was bound, by contract with Pfcyton,.to.pay to Madison, the amount of those notes,..which he had concealed from him, at the time of the contract, between complainant and defendant; and, upon the further.ground, that Chinn, defrauded him, by passing, to him notes, as the consideration, of the obligation, from him to Chinn,on various persons,,some of whom were insolvent, and one of which notes,, had been paid. All,., which he avers, was known to Chinn, but which he had artfully concealed from him. His answer was filed as a cross bill, in which he prays,vthat the contract between himself and complainant, may be rescinded.
The circuit court decreed against Madison, a specific performance, to reverse which,, he prosecutes-this writ of error.
The facts exhibited in the record, present two points, for the determination of this court.
In the first place, was the decree correct? If not, should the contract have been rescinded, on account of the alleged fraud?
We are of opinion, that upon no principle of equity, or chancery jurisdiction, can it be supported.
If even a contract for chattels, or choses in action formed apropersubjectofdecree?foraspecific perform *231 anee, he who claims it, should shew, that in the whole transaction, he had acted with fairness and candor; that he had made no misrepresention, and had been guilty of no concealment. He should shew that in making the contract, he had been conscientious, and had evinced an honest promptitude, to comply with it as made. In this case, Chinn, having failed to answer, permitted the cross bill to be taken against him, as confessed. He thereby, tacitly admits, that he had been guilty of misrepresentation, concealment and deceit.
Chancellor, Dot il-porfomamte of ««;•?/fair contract, {el'ai remedy is inadequate, that clmncel-cree'specifio performance, in general, chancellor willnot de-ore® specific, ofcontrnct'" for chattels
It moreover appears, that he liad secured, by the contract, notes for §‘1400, on Peyton, whose ability to pay the amount, has not been questioned, for notes on himse.lf, and others, for only §800, one of which he knew had been discharged; and others of which, h,ad been executed by insolvent persons. But had his conduct been clear from all such imputations, the decree in his favor, would have been unwarranted,
A court of chancery, will not decree a specific per-formanceof every fair contract. It is only where the legal remedy is inadequate and defective, that it will interfere for such a purpose. It will not, in general, interfere in a contract for chattels, to coerce such performance, but will leave the injured party, to his remedy at law. The claim of the complainant, in the circuit court, can no more form a ground of the chancellor’s interference, than would a violation of a contract to pay a sum of money, or to deliver a horse, or any other personal property.
, Upon the second point, although the conduct of Chinn was highly improper and reprehensible, it was not such as to demand a recision of the contract. Inadequacy of price, is not of itself, a ground sufficient ■to authorize such a decree; nor will every misrepresentation of a contracting parly, in relation to the subject of the contract,-be sufficient, however disreputable it may be to him. It may, perhaps, be true, that Madison would not have made the contract, had he been correctly informed, in relation to all the matters of which he complains. What effect, such information might have had on his judgment, we cannot say. Bat for whatever damnees he has sustained, the com. *232 sfton law court furnishes a plain, appropriate and effectual remedy. The case which be presents, cannot even be assimilated to a contract, for personal property, the real of which is undefined, and which lie might have desired to own. Notes or bonds for money, are hut the evidences of debts, upon which, money alone can be collected. He does not aver the insolvency of Chinn, or deny his ability io pay whatever damages he may recover against him.
in tvi.o ■ ;nnsfc •aari't»3 llC
Hoggin, for plaintiff; Crittenden, for defendant,
But, were even this view>of the case erroneous, the contract ought not to be rescinded. He who demands should first comply with its demands.
cas0’ Madison acknowledges, that,although he had offered to cancel the contract, and had filed the notes receiv'd .from Chinn, with his answer, ready to be delivered to Chinn, he had afterwards withdrawn them from the office, commenced suit upon them, and actually received, (as the proof shews) a putt of the money. This must be considered as a confirmation of the contract, so far as to prevent any remedy by a court of chancery, if, even otherwise, it could have been granted.
The decree of the circuit court must, therefore, be reversed, and the cause remanded, with directions, that the bill of the complainant, and the cross bill of Madison, be dismissed, without prejudice to the claims of either party at law, and that each party pay his oven coi-ts, incurred in the circuit court.